A. F. SMITH and B. S. ROBERTS, Ex'rs., *v.* R. MOORE.

A surety to a note made in 1861 having paid it off in 1866, *held,* that his claim on that account against his principal was not included in the Ordinance of June 1866, which conferred exclusive jurisdiction on the Superior Courts in regard to all actions on contracts made *prior to May* 1, 1865.

(*Pender* v. *Carter* 12 Ire. 242; *DeRossett* v. *Bradley ante* 18 ; cited and approved.)

ASSUMPSIT, tried before *Cilley, J.,* at Spring Term 1868 of the Superior Court of DAVIDSON.

The facts appear sufficiently stated in the opinion of the Court.

*Gorrell,* for the plaintiffs.

No counsel, *contra.*

DICK, J. A note executed to A, by B as principal, and C as surety, is in no way a contract between B and C; if the note is paid by either of them, it is absolutely discharged. The only contract between the principal and surety before the payment of the note, is one of indemnity implied by law, and gives the surety certain equitable rights to secure indemnity both against the creditor and principal. After payment by the surety, he has an equity to be subrogated to all the rights of the creditor, against the principal debtor, so as to have the benefit of all collateral securities, which the creditor may hold. The right of subrogation is not founded in contract, but takes place by operation of law. If the note is paid by the surety, a *new debt* arises by implication of law, between him and his principal, which is essentially different from the contract which existed between the parties and the creditor, and it cannot be said to arise out of such contract. This new debt is created by the payment; the cause of action arises then for the first time, and the Statute of Limitations begins to run. *Pender v. Carter,* 12 Ire. 242.

This principle was applied to the case of co-sureties at the last term of this Court. *De Rosset* v. *Bradley, ante* 17.

In this case the defendant as principal, and the testator of the plaintiffs as surety, executed a note to Lowe in 1861. A judgment was obtained on said note against the parties liable, and on the 1st of May 1866, the plaintiffs, as executors, paid off said judgments ; and then, for the first time, a cause of action arose to the plaintiffs against the defendant. In October 1866, they commenced suit in the County Court of Davidson, and by appeal the case was carried to the Superior Court, where a motion was made to dismiss the suit, for the want of

jurisdiction in the County Court, where it was commenced. The motion was founded upon the Ordinance of the Convention, ratified June 23, A. D. 1866, giving exclusive original jurisdiction to Superior Courts, of all actions upon contracts made prior to the 1st of May, 1865. His Honor in the Court below, being of the opinion that the plaintiffs' claim did not come within the exception of the 17th section of said Ordinance, sustained the motion to dismiss. In this opinion there was error, as the ordinance has no application to such causes of action.

The judgment is reversed, and a *venire de novo* awarded.

PER·CURIAM.                                  *Venire de novo.*